The opinion of the court was delivered by
IIoESfBi.oWKE, C. J.
Both parties claim title under John Frambes, and the whole question in this cause, and the rights of the respective parties, depend upon the true meaning and construction of the deed from Frambes to Conover, the lessor of the plaintiff.
It is perfectly clear to my mind that by the terms of that deed, Frambes conveyed and intended to convey to Conover, only so *322 much of the land contained in the 911 acre tract, ás he derived title to under the deed from Baker to him ; and which had been conveyed to Baker by the deeds from Blake and Peacock.
The-doubt or difficulty, in this case, arises from the fact, that at the time Frambes conveyed to Conover, he owned 100 acres, lying within the boundaries of the 911 acre tract; and.it is insisted, that by his deed to Conover, he conveyed all the land that belonged to him within those boundaries.
The deed is unskillfully drawn and upon a bare reading would convey that idea. It certainly does convey the whole of the 911 acre tract, which was not excepted out of the general grant to him by Baker. But the fact is, when Baker made the conveyance to Frambes, the latter owned 100 acres, the premises in question, by virtue of a conveyance made to him by Blake on the 8th of December 1814, which was long before Baker conveyed to Frambes, and before Blake conveyed to Baker. Baker therefore did not, and in fact could not, convey that 100 acres to Frambes; but on the contrary, it most satisfactorily appears, from an examination of all the deeds given in evidence, that that 100 acres was part of the 184 acres, excepted out of the 911 acre tract, in the deed from Blake to Baker, and also in the deed from Baker to Frambes. So that Baker in his deed to Frambes, very properly excepted out of the general terms of his grant, so much of the land as then belonged to Frambes. Frambes having after-wards sold this 100 acres to Corderey the defendant, the plaintiff has no title and must fail.
There was no evidence of any such adverse possession, as to justify a verdict for the plaintiff on that ground, and therefore the verdict must be set aside and a new trial granted. The costs must abide the event of the suit, as the verdict was probably owing to the want of proper direction by the court.

Verdict set aside and a new trial granted.